UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEREMY DANIELS,

Defendant.

Case No. 19-CR-00709-LHK

**DETENTION ORDER**

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Based on the relevant law and the record in this case, the Court finds that Defendant is a danger to the community and a flight risk and that no combination of conditions will reasonably assure the Defendant's appearance at future court dates or assure the safety of the community.

**Detention Based on Danger to the Community**

On December 19, 2019, Defendant was indicted for being a felon in possession of a firearm and ammunition on or about November 6, 2019 in violation of Title 18 United States Code Section 922(g)(1).  ECF No. 1.  On December 24, 2019, United States Magistrate Judge Thomas

Hixson arraigned Defendant and remanded Defendant into custody.  ECF No. 2.

On January 7, 2020, United States Magistrate Judge Nathanael Cousins detained Defendant.  The January 7, 2020 Minute Order stated: "Court follows recommendations of Pretrial Services to detain defendant as a danger to the community.  Written findings waived."  ECF No. 6.

The January 6, 2020 Pretrial Services Report stated the following under the headings "Health," "Prior Criminal Record," and "Assessment of Nonappearance/Danger."

Specifically, under the heading "Health," the Pretrial Services Report stated: defendant reported he was shot in the head while on a bike in 2017 and spent one month in the hospital. Defendant was subsequently prescribed Vicodin for an unknown period of time.  Defendant noted he suffers from post-traumatic stress disorder and depression and he was prescribed Zoloft for approximately two months.  On the advice of counsel Defendant declined to answer any questions regarding his substance use or abuse history or if he has ever received any substance abuse treatment.

Under the heading "Prior Criminal Record," the Pretrial Services Report stated: Defendant was convicted of the following six felonies: 2001 transport/sell narcotic/controlled substance, 2002 sell controlled substance, 2002 transport/sell narcotic/controlled substance, 2005 possess/purchase cocaine base for sale, 2014 assault with a deadly weapon, and 2014 felon in possession of a firearm.

Defendant was convicted of the following fourteen misdemeanors: 2001 battery on peace officer/emergency personnel, 2001 disorderly conduct prostitution, 2002 contempt: disobey court order, 2005 under the influence of a controlled substance or narcotic, 2009 possess concentrated cannabis, 2009 false identification to peace officer, 2013 under the influence of a controlled substance, 2013 obstruct public officer, 2013 carry switchblade knife on person, 2014 use/under influence of controlled substance, 2014 obstruct public officer, 2014 petty theft, 2019 carry concealed dirk or dagger, and 2019 possess controlled substance.

Defendant's prison sentences consisted of terms of 5 years in 2002, 5 years in 2005, 2 years in 2014, and 16 consecutive months in 2014.

Defendant's convictions resulted in the following jail sentences: 9 months jail in 2000-

Case No. 19-CR-00709-LHK
DETENTION ORDER

2001, 10 days jail in 2001, 6 months jail in 2002, 206 days jail in 2005, 16 days jail in 2009, 3 days jail on September 16, 2013, 3 days jail on September 17, 2013, 60 days jail in 2014, and 35 days jail in 2019.

Defendant's 7 probation violations resulted in the following additional jail sentences: 5 months jail on April 17, 2014 on two separate terms of probation, 90 days jail on November 18, 2014 on two separate terms of probation, 32 days jail on November 18, 2014 on a third term of probation, 40 days jail on November 18, 2014 on a fourth term of probation, and 20 days jail on November 18, 2014 on a fifth term of probation.

At the time of the instant alleged offense, November 6, 2019, Defendant was on parole for his 2014 conviction for the same offense, felon in possession of a firearm. Defendant's parole began on April 16, 2016 and was scheduled to terminate on April 23, 2021.

The November 6, 2019 San Jose police report alleged that Defendant fled from arresting officers and took a loaded firearm from his waistband and threw it over a fence into a residential backyard. The police report alleged that there was also a high capacity magazine.

Under the heading "Assessment of Nonappearance/Danger," the Pretrial Services Report stated: Pretrial Services believes this Defendant poses a significant danger to the community and there is no combination of release conditions available that could reasonably assure the safety of the community. On January 7, 2020, Judge Cousins detained Defendant based on this recommendation from Pretrial Services. ECF No. 6.

**Temporary Release**

On April 6, 2020, Defendant moved to reopen his detention hearing and for his release because of Defendant's obesity, episodes of dizziness, post-traumatic stress disorder, and depression. ECF No. 19 at 2-3. Defendant noted that individuals with severe obesity were at risk for severe illness or death from COVID-19 and thus there were compelling reasons to release Defendant. *Id*. at 4-5.

The government's April 8, 2020 opposition stated that the evidence against Defendant included camera footage of Defendant fleeing from arresting officers and throwing an object, which turned out to be a black sock containing the alleged firearm and ammunition, over a fence

Case No. 19-CR-00709-LHK
DETENTION ORDER

into a neighboring yard.  ECF No. 21 at 7.  The government cited Defendant's criminal history, past parole and probation violations, and commission of the instant offense while on parole for the same offense to argue that Defendant posed a danger to others and would not abide by COVID-19 civil health directives.  *Id.* at 7-8.

Defendant's reply stated that defendant weighed 283 pounds on April 8, 2020.  ECF No. 22 at 2.  Defendant further stated: "Mr. Daniels, at 6 feet tall and 283 pounds, falls just barely outside the range of severe obesity."  *Id.* (emphasis in original).  Defendant went on to note that "The CDC makes clear: people with severe obesity are at higher risk for severe illness from COVID-19."  *Id.*

At the April 9, 2020 hearing on Defendant's motion, Defendant's fiancé Diana Bailey ("Bailey") agreed to serve as Defendant's custodian.[1]  April 9, 2020 Hrg. Tr. 20:14-21:11.

On April 9, 2020, Judge Cousins ordered Defendant temporarily released effective immediately and noted that twelve inmates at Santa Rita Jail had tested positive for COVID-19.  ECF No. 24 at 2, 7-8[2].   Judge Cousins found that Defendant's obesity, previous head wounds, and post-traumatic stress disorder rendered Defendant particularly susceptible to serious complications should Defendant contract COVID-19.[3]  *Id.* at 3-7.

On June 1, 2020, Pretrial Services' Supervision Status Memorandum stated that given that Defendant had not incurred any new arrests or violations and that Santa Rita Jail was still affected by the COVID-19 pandemic, Pretrial Services recommended that the temporary release order be extended for an additional 60 days.[4]  Defendant agreed with Pretrial Services' recommendation.

---

[1] 18 U.S.C. § 3142(i) authorizes a judicial officer to temporarily release a person to the custody of another appropriate person.  This custodian, pursuant to 18 U.S.C. § 3142(c)(1)(B)(i), agrees to assume supervision and to report any violation of a release condition to the court.  The custodian risks criminal prosecution if the defendant flees or otherwise violates the conditions of his release. *United States v. Ryan*, ---F.Supp.3d ---, 2020 WL 1861662 at *2 (C.D. Cal. 2020).

[2] Each of pages 2-8 of the order are numbered page 2.  Thus, the page references herein refer to the ECF stamped page numbers on the top of each page.

[3] The order did not state Defendant's age.  However, the Pretrial Services Report, which is based on Pretrial Services' interview of Defendant and his fiancé Diana Bailey ("Bailey"), stated that Defendant's date of birth is May 15, 1982.  Thus, at the time of Defendant's temporary release on April 9, 2020, Defendant would have been 37 years old.

[4] At the July 29, 2020 status conference, Pretrial Services Officer and Intensive Supervision Specialist Nelson Barao stated that he did not speak with Bailey before preparing this Memorandum or making this recommendation.

4

United States District Court
Northern District of California

ECF No. 29.  The government took no position on Pretrial Services' release extension recommendation but stated that the government continued to believe that Defendant should be detained because no combination of conditions would reasonably assure the safety of any other person or the community.  ECF No. 30.

On June 4, 2020, Judge Cousins extended Defendant's temporary release by 60 days to August 10, 2020.[5]  ECF No. 31.  Judge Cousins held that the "heightened risks of covid -19 exposure continue at Santa Rita Jail and in the last few days many new detainees have been added to the Jail population.  Jail testing for the virus is incomplete despite progress since April and no currently reported cases."  *Id.*  Judge Cousins ordered Pretrial Services to provide a status report by August 3 and the parties to file optional briefs by August 5.  *Id.*

**Domestic Violence Allegations, Arrest Warrant, and Flight**

Pretrial Services' Supervision Status Memorandum dated July 21, 2020 stated the following:

> Pretrial Services received several text messages on July 21, 2020, from DANIELS' fiancé/custodian, Diana Bailey, informing that the defendant has not been in compliance with his release conditions.  Ms. Bailey stated she has been physically abused by DANIELS in the last few weeks.  She advised she was punched in the chest by DANIELS recently and fears that he will continue to abuse her (photo provided).  Ms. Bailey indicated she left her house last night to stay with her friend because she did not want to get hurt.  Ms. Bailey also advised that DANIELS continues to gamble in her house and use drugs.  She noted she contacted his lawyer two weeks ago, but he did not have any suggestions for her on how to deal with this situation.

> Ms. Bailey stated she did not want DANIELS' temporary release order extended.  During the defendant's June 4, 2020, Status Conference, Ms. Bailey thought she would have an opportunity to express her concerns and position regarding DANIELS staying at her residence.  She advised she was going to let the Court know that she did not want DANIELS staying with her any longer.

Bailey's photo shows a bruise the size of a small plate on Bailey's chest.  At the July 29, 2020 status conference, Pretrial Services clarified that the June 4, 2020 status conference did not take place because the June 4, 2020 order extended Defendant's temporary release based on the submissions of Pretrial Services and the parties.

---

[5] The government did not appeal any of the temporary release orders to the undersigned judge.

Case No. 19-CR-00709-LHK
DETENTION ORDER

United States District Court
Northern District of California

As a result of Bailey's allegations, Pretrial Services' July 21, 2020 Memorandum recommended the following: "Pretrial Services is very concerned with the serious allegations of physical abuse and drug use; his criminal history involving violence, weapons, and drugs; and that the defendant fled from police when he was initially arrested for this case.  Given that the defendant's fiancé/custodian no longer wants DANIELS to reside with her because of his non-compliant behavior and fear for her safety, Pretrial Services respectfully recommends that DANIELS' temporary release status be revoked."

On July 21, 2020, the Pretrial Services' July 21, 2020 Memorandum was provided to counsel for the parties; Judge Cousins issued a no bail arrest warrant, ECF No. 36; and an arrest warrant was issued.

On July 21, 2020, Pretrial Services Officer and Intensive Supervision Specialist Nelson Barao gave Defendant permission to leave Bailey's home from 9:30-11:30 a.m. on Wednesday, July 22, 2020 to meet with Defendant's parole officer.  On July 22, 2020, Defendant left Bailey's home at 11:12 a.m.

On July 22, 2020, defense counsel, Assistant Federal Public Defender ("AFPD") Dejan Gantar, informed Officer Barao that Defendant was on his way to his parole officer, but AFPD Gantar advised against it and instructed Defendant to turn himself in at Santa Rita Jail.  That same day, AFPD Gantar also informed the U.S. Marshal Service that Defendant would self-surrender at Santa Rita Jail that day.  Defendant never reported to his parole officer and never self-surrendered at Santa Rita Jail.  Defendant was a fugitive as of July 22, 2020.

On July 23, 2020, AFPD Gantar declared a conflict of interest and moved to withdraw as counsel for Defendant.  ECF No. 41.  Also on July 23, 2020, the parties were ordered to present detention issues to the undersigned judge.  *Id.*  On July 23, 2020, the undersigned judge granted the motion to withdraw, appointed Peter Leeming to represent Defendant, revoked Defendant's temporary release, and vacated Defendant's temporary release orders.  *Id.*

At the July 29, 2020 status conference, Officer Barao stated that on Friday, July 24, 2020, Bailey, who herself has underlying medical conditions that put her at risk for severe COVID-19 illness, received a Superior Court emergency protective order because of Defendant's alleged

Case No. 19-CR-00709-LHK
DETENTION ORDER

physical abuse.

**Defendant's Apprehension**

While Defendant was a fugitive, Defendant allegedly continued to contact Bailey despite the protective order.  However, it is unclear whether the protective order was served on Defendant.  On August 26, 2020, after alleged resistance, Defendant, who was allegedly in possession of methamphetamine, cash, and narcotics paraphernalia, was arrested at Bailey's residence.

Defendant was transferred to federal custody from state custody on September 24, 2020 and appeared before United States Magistrate Judge Donna Ryu on September 25, 2020.  At the September 28, 2020 hearing before the undersigned judge, the parties stated that Defendant's parole violations for the alleged domestic violence against Bailey and for failure to report to Defendant's parole officer have been resolved.  However, a potential state narcotics charge remains pending.

**Conclusion**

The Court finds that Defendant is a danger to the community and a flight risk based on the following.  Defendant has been convicted of 6 felonies and 14 misdemeanors, including assault with a deadly weapon, battery on peace officer/emergency personnel, contempt: disobey court order, and four felony drug trafficking convictions.  Defendant has served prison sentences of 5 years, 5 years, 2 years, and 16 months.  Defendant has violated probation 7 times, which has resulted in significant additional jail sentences.  At the time Defendant allegedly committed the instant offense of felon in possession of firearm and ammunition, Defendant was on parole for a prior conviction for felon in possession of firearm.  At the time of the alleged offense, Defendant allegedly fled from arresting officers and disposed of evidence.

Defendant is alleged to have physically abused his custodian over the course of a few weeks, including punching her in the chest and causing a bruise the size of a small plate on her chest.  Defendant failed to report to his parole officer and failed to self-surrender despite an outstanding arrest warrant.  Defendant was a fugitive from July 22, 2020 through August 26, 2020.

Accordingly, the Court finds that Defendant is a danger to community and a flight risk and that no combination of conditions will reasonably assure the Defendant's appearance at future

7

United States District Court
Northern District of California

1   court dates or assure the safety of the community.   Therefore, Defendant is ordered detained

2   pretrial without bail.

3   **IT IS SO ORDERED.**

4

5   Dated: September 28, 2020

6

7   LUCY H. KOH
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 19-CR-00709-LHK
DETENTION ORDER