ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY A. BACKHUS (CABN 200177)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5080
   FAX: (408) 535-5066
   jeffrey.backhus@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-709 BLF |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| JEREMY DANIELS, | Sentencing Date: January 21, 2025<br>Time: 9:00 a.m. |
| Defendant. | |

## I.   INTRODUCTION

After San Jose Police Department Officers ("SJPD") observed Jeremy Daniels ("Daniels" or "the defendant") failing to stop at stop sign while riding his bicycle, the officers followed Daniels to give him a citation for the vehicle code violation. However, Daniels refused to stop and attempted to evade arrest. One of the officers also recognized Daniels as a known parolee with an active no bail warrant for his arrest. After a short chase, Daniels collided with the side of a patrol vehicle. Once off his bicycle, Daniels continued to run and eventually led the Officers down a residential driveway. At the end of the driveway, the officers observed Daniels reach into his front waist area and throw two black objects over a fence into a neighboring yard. A search of the neighboring yard located a black sock containing a

9mm semi-automatic handgun, with the safety in the off position and one round of 9mm Luger ammunition loaded in the chamber, an empty 17-round capacity magazine, and fourteen rounds of 9mm Luger ammunition scattered around the magazine.  Prior to possessing these items, Daniels had an extensive criminal history.  See PSR at ¶¶ 39-50.  In addition, Daniels was on parole at the time of the instant offense.  PSR at ¶ 48.  Daniels' criminal history category is VI.  PSR at ¶ 53.

Daniels has also performed extremely poorly whole on pretrial release.  He has absconded at least twice, failed to report to failed to submit to a drug test, submitted three positive drug tests, was remanded to custody on multiple occasions, and then was released to a drug treatment program after spending over two years in custody.  However, following his release to the program, Daniels failed to appear for sentencing in September 2023.

Based on his conduct in this case, Daniels' total offense level after acceptance is 19.  PSR at ¶ 36.  With a criminal history score of VI, Daniels' Guidelines range should be 63-78 months.  In the PSR, Probation recommends a significant downward variance to 36 months of imprisonment.  In his sentencing memorandum, Daniels recommends a sentence of time served.  In the plea agreement, the government also agreed to recommend a sentence of time served, "unless the defendant violates the terms of the Agreement above or fails to accept responsibility."  Plea Agreement at ¶ 36.  Although Daniels failed to appear for sentencing in September 2023, the government will abide by the terms of the plea agreement.  Accordingly, the government recommends a sentence of time served followed by a three-year period of supervised release on the terms recommended by Probation.

## II.     FACTS

On November 6, 2019, at approximately 1:40 p.m., SJPD Officers Cristancho and Aponte were conducting foot patrol in the area of North 17th Street, south of East St. John Street, in San Jose, California.  In particular, the Officers were patrolling the area of a homeless encampment near North 17th Street.  While conducting this patrol, Officer Cristancho observed a male subject, later identified Daniels, riding a bicycle and failing to stop at a stop sign limit line in violation of Cal. Vehicle Code § 22450(a).  Officers Cristancho and Aponte entered their vehicle and pursued Daniels with the intent giving him a citation for the violation.  Officer Aponte was driving, and Officer Cristancho was in the front passenger seat of the vehicle.  Once the officers regained visual of Daniels, Officer Cristancho

observed Daniels slowly roll through another stop sign limit line. Officer Aponte drove behind Daniels and activated the vehicle's lights and sirens. Daniels continued riding his bicycle and did not stop. Officer Aponte then drove next to Daniels and, through the passenger side window, Officer Cristancho told Daniels to pull over. Daniels did not comply, and Officer Cristancho again told Daniels to "pull over" and to "stop." During the time the Officers we were driving next to Daniels he turned his head and looked at Officer Cristancho and the Officer was able to look at Daniels face from approximately ten to fifteen feet away. Officer Cristancho observed Daniels' face and suspected that he may be Daniels. Officer Cristancho knew that Daniels was a parolee who had a no bail warrant for his arrest for a parole violation. Officer Cristancho also knew that Daniels was a Crip gang member and had a prior firearm related arrest.[1]

Daniels continued riding his bicycle and asked if he was under arrest. Officer Cristancho responded, "You're about to be." Daniels did not stop riding his bicycle, and Officer Cristancho exited the vehicle to pursue Daniels on foot. Officer Cristancho got out of the vehicle to contact Daniels, but Daniels then sped up on his bicycle and officers believed that he was attempting to evade them. Officer Cristancho followed Daniels as Daniels rode from the street onto a sidewalk.

Officer Aponte, who was still driving the vehicle, momentarily lost sight of Daniels when he rode onto the sideway because there was tall shrub and several vehicles blocking the Officer's view. Officer Aponte believed that Daniels may have gotten off his bicycle and was attempting to flee on foot. Accordingly, Officer Aponte accelerated and pulled into a driveway at 230 North 19th Street, intending to either block Daniels' path of flight or establish a perimeter and join the foot pursuit. However, as Officer Aponte was slowing to a stop, Daniels collided with the passenger side of the vehicle and Daniels fell off his bicycle. Daniels immediately got up and began running through the driveway at 230 North 19th Street.

Officer Cristancho continued to chase him, giving Daniels multiple commands to "get on the ground." Officers Cristancho and Aponte observed Daniels stop at the end of the driveway, reach

---

[1] As stated in the PSR, Daniels now claims that he is no longer affiliated with a gang. However, according to the offense conduct, he was wearing blue clothing and had a blue bandana in his pocket when he was arrested for the instant offense. PSR at ¶ 18. In addition, Daniels has several crip-related tattoos. PSR at ¶ 78.

GOV'T SENTENCING MEM.                  3
CR 19-709 BLF

towards his front waist area, and throw two black objects into the air towards a neighboring residence yard at 210 North 19th Street. The body-worn camera footage shows that Daniels may have thrown a single black object into the air, which then separated into two objects mid-air. Officer Aponte then yelled "He's got a gun!" as a warning to Officer Cristancho.

Officer Cristancho attempted to detain Daniels, who continued to disobey the officer's verbal command to get on the ground. Ultimately, Officers Cristancho and Aponte were then able to place handcuffs on Daniels. Officer Cristancho searched Daniels and found a blue bandana in the rear pants pocket and two cell phones.

Other SJPD officers arrived to assist. In the neighboring yard at 210 North 19th Street, the Officer Cristancho found in one location of the yard:

- An empty 17-round capacity magazine with the baseplate removed; and
- 14 rounds of 9mm Luger ammunition scattered around the magazine.

In a separate location, perhaps about 15 feet further away from the magazine and ammunition, the officers found:

- A black sock containing a Beretta PX4 Storm 9mm semi-automatic handgun, with the safety in the off position and one round of 9mm Luger ammunition loaded in the chamber; and
- A baseplate and spring for a magazine.

On December 19, 2019, the Grand Jury returned a one count indictment charging Daniels with a violation of Title 18, United States Code, Section 922(g)(1), Felon in possession of a firearm. Dkt. 1. On January 17, 2023, Daniels pled guilty to Count One of the Indictment. See PSR at ¶ 2.

### III. DISCUSSION

#### A. Sentencing Guidelines

The government's Guidelines calculations are as follows:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2K2.1(a)(1) (large capacity magazine and crime of violence) | 22 |
| Acceptance of Responsibility, § 3E1.1 | -3 |
| Total Offense Level | 19 |
| Criminal History Category (17 points) | VI |

| Total Range (in months) | 63-78 |
|---|---|

**B.  As Agreed in the Plea Agreement, the Government Recommends a Time-Served Sentence**

The government respectfully requests that the Court impose the time-served sentence that the government agreed to recommend in the plea agreement.

The circumstances of the instant offense, as well as Daniels' history and characteristics are aggravating.  In this case, Daniels possessed a loaded firearm with an extended magazine.  Daniels also has an extensive criminal history, consisting of twelve convictions, including: Obstructing a public officer, prostitution, selling narcotics, battery on a peace officer, disobeying a court order, being under the influence of a controlled substance, carrying a switchblade, petty theft, assault with a deadly weapon (not a firearm), felon in possession of a firearm, and carrying a concealed dirk/dagger.  See PSR at ¶¶ 39-50.  The circumstances of the assault with a deadly weapon conviction are particularly troubling.  During that event, Daniels and the victim then got into a physical altercation and Daniels stabbed the victim in his/her abdomen.  PSR at ¶ 48.  Daniels also has a disturbing arrest for rape, false imprisonment, and sodomy; although, the PSR says there was no conviction, and he was released pending further investigation.  PSR at ¶ 48.

At the same time, the government recognizes Daniels difficult childhood, mental and physical health challenges and substance abuse history.  Accordingly, although Daniels failed to appear for sentencing in September 2023, the government will abide by the terms of the plea agreement and recommend a time-served sentence.

**IV.   CONCLUSION**

The government recommends a sentence of time served followed by a three-year period of supervised release on the terms recommended by Probation.  In the plea agreement, Daniels agrees to

///
///
///
///
//

forfeit the following items:

    a.    A Beretta PX4 Storm 9mm semi-automatic handgun bearing serial number PX0935U;

    b.    A magazine for the Beretta PX4 Storm handgun; and

    c.    Fifteen rounds of 9mm Luger ammunition.

Plea Agreement at ¶ 10.

DATED: January 15, 2025

Respectfully submitted,

ISMAIL J. RAMSEY  
United States Attorney

*Jeffrey A. Backhus*  
JEFFREY A. BACKHUS  
Assistant United States Attorney